beneficiary was due to mistake or inadvertence on the part of the insured and she asks reformation of the insurance policy to name her as beneficiary consistent with her claim that the intent of the parties was finally to resolve all property matters between appellant and decedent in the separation agreement. The court granted the insurer's motion and directed the property be paid into court. That order is not appealed. It denied a motion of appellant for summary judgment and the order entered on that decision is before us on this appeal. It is clear that Cynthia Rogers vis-a-vis the insurer is entitled to the proceeds of the policy (*Salvin* v. *Salvin, supra*). It is also clear that a policy of insurance may not be reformed on the basis of a unilateral mistake or inadvertence on the part of the insured (cf. *Metzger* v. *Aetna Ins. Co.*, 227 N. Y. 411, 417). This is obviously so after the insured has died and when the mistake goes not to the meeting of the minds necessary to make the contract but only to an inadvertent failure on the part of the insured to change the name of the beneficiary after his divorce (17 Couch, Insurance 2d, § 66:58). Nevertheless, the estate may have a valid claim to the proceeds which can be established against appellant if the parties to the separation agreement intended that appellant waive her rights to the proceeds of the policy (see *O'Brien* v. *Elder*, 250 F. 2d 275, 278). That determination necessarily involves mixed questions of law and fact which preclude summary judgment (*Rochester Park* v. *City of Rochester*, 19 A D 2d 776, and cf. *Jensen* v. *Metropolitan Life Ins. Co.*, 27 A D 2d 934, app. dsmd. 20 N Y 2d 739). The estate is really asserting a cross claim on the separation contract (CPLR 3019). It has a claim because of appellant's refusal to release her claim to the insurance as agreed. We see no reason to fractionalize the dispute when both parties and the disputed res are before the court. On remand, the cause should be repleaded to frame the issue between the two claimants (6 Carmody-Wait 2d, New York Practice, § 40:39). (Appeal from order of Erie Special Term denying motion for summary judgment in action on insurance policy.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

■ In the Matter of JOSEPH J. CORONITI, Appellant, v. RICHARD HISERT, Individually and as President of the Board of Managers of MOHAWK VALLEY GENERAL HOSPITAL, et al., Respondents. (Appeal No. 1) — Judgment unanimously affirmed, without costs, upon the opinion at Special Term. (Appeal from judgment of Herkimer Special Term in article 78 proceeding to determine civil service status.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

■ In the Matter of JOSEPH J. CORONITI, Respondent, v. RICHARD HISERT, Individually and as President of the Board of Managers of MOHAWK VALLEY GENERAL HOSPITAL, et al., Appellants. (Appeal No. 2.) — Order unanimously affirmed, without costs. (Appeal from order of Herkimer Special Term granting, in part, petition in article 78 proceeding.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

■ BETTY A. HANIFORD, Appellant, v. MARCIA ROSEN et al., Respondents. — Judgment unanimously affirmed, with costs. Memorandum: In affirming Special Term's confirmation of an arbitration award to respondent in the amount of $8,300 with interest, we note that Special Term dismissed appellant's complaint, a portion of which contained allegations and demanded relief not related in any way to the arbitrated matter that was confirmed. Although the dismissal is without prejudice, the better practice would have been for Special Term to sustain the good and sufficient claims and sever and dismiss only the insufficient ones (Practice Commentary, Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3211.26, p. 32). (Appeal from judgment of Erie Special Term, in action for breach of partnership agreement.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ.